1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT FOR THE
8                           EASTERN DISTRICT OF CALIFORNIA
9
    J&J SPORTS PRODUCTIONS, INC.,    )        CV-F-08-0091 AWI DLB
10                                   )
                                     )        FINDINGS AND
11                                   )        RECOMMENDATION
                                     )        RE PLAINTIFF'S APPLICATION
12              Plaintiff,           )        FOR DEFAULT JUDGMENT
                                     )        [Doc. 9]
13         vs.                       )
                                     )
14  MARIA D. GUZMAN, et.al.,         )
                                     )
15                                   )
                Defendants.          )
16  _____ )

17         On April 18, 2008, plaintiff J&J Sports Productions, Inc., filed the present motion for

18  default judgment against defendant Maria D. Guzman, individually and dba La Potranca.

19  The motion was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

20  72-302.  The motion was heard on June 27, 2008, before the Honorable Dennis L. Beck.  Attorney

21  Bruce Nickel appeared on behalf of Plaintiff.  Defendant did not appear.

22                              **BACKGROUND**

23         Plaintiff filed the instant action on January 17, 2008.  Defendant was served with the

24  complaint and summons on February 22, 2008.  The complaint alleges violations of 47 U.S.C.

25  Section 605 and 47 U.S.C. Section 553.  Plaintiff also alleges a state law claim of conversion.

26         Defendant has not answered the complaint or otherwise appeared in this action.  On April 7,

27  2008, the Court entered default against Defendant.

28                                      1

1    Plaintiff filed the instant motion for default judgment on April 18, 2008.  Plaintiff requests

2  that the Court enter default judgment against Defendant in the amount of $101,200.00.

3    Defendant has not opposed this motion.

4                                    **LEGAL STANDARD**

5    Rule 55(b) of the Federal Rules of Civil Procedure provides that judgment by default

6  may be entered as follows:

7         (1)    By the Clerk.  When the plaintiff's claim against a defendant is
          for a sum certain or for a sum which can by computation be made certain,
8         the clerk upon request of the plaintiff and upon affidavit of the amount due
          shall enter judgment for that amount and costs against the defendant, if the
9         defendant has been defaulted for failure to appear and if he is not an infant
          or incompetent person.

10
          (2)    By the Court.  In all other cases the party entitled to a judgment
11        by default shall apply to the court therefor; but no judgment by default
          shall be entered against an infant or incompetent person unless represented
12        in the action by a general guardian, committee, conservator, or other such
          representative who has appeared therein. If the party against whom judgment
13        by default is sought has appeared in the action, the party (or, if appearing by
          representative, the party's representative) shall be served with written notice
14        of the application for judgment at least 3 days prior to the hearing on such
          application. If, in order to enable the court to enter judgment or to carry it into
15        effect, it is necessary to take an account or to determine the amount of
          damages or to establish the truth of any averment by evidence or to make an
16        investigation of any other matter, the court may conduct such hearings or order
          such references as it deems necessary and proper and shall accord a right of
17        trial by jury to the parties when and as required by any statute of the United
          States.
18
      "Upon default, the well pleaded allegations of the complaint relating to liability are
19
   taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319,
20
   1323 (7th Cir. 1983);(*Telvideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir.
21
   1987). Thus, "[u]pon entry of default, the facts alleged by the plaintiff are deemed admitted."
22
   10 J. Moore *Moore's Federal Practice (3rd Ed.)* S 55.11(5) at pp. 55-18 ("Moore").
23
                                       **DISCUSSION**
24
      Service of summons and the complaint in this action was made on defendant on
25
   February 22, 2008.  True and correct copies of the Proof of Service was filed with this Court
26
   on April 3, 2008.
27

28                                          2

1    Defendant is not an infant, incompetent person, person in military service or otherwise

2  exempt from the default judgment under the Soldiers and Sailors Default Relief Act of 1940.

3    A clerk's default was entered on April 7, 2008.

4    Plaintiff seeks judgment pursuant to 47 U.S.C. Section 605 and 47 U.S.C. Section 553

5  against defendants for unlawful interception, receiving, and exhibiting *The Battle; Erik*

6  *Morales v. Manny Pacquiao II WBC International Super Featherweight Championship Fight*

7  *Program* of January 21, 2006.  Plaintiff also alleges state law claims for Conversion.

8    47 U.S.C. section 553 provides as follows:

9    (a) Unauthorized interception or receipt or assistance in intercepting
     or receiving service;  "assist in intercepting or receiving" defined

10

11    (1) No person shall intercept or receive or assist in intercepting or
     receiving any communications service offered over a cable system,
     unless specifically authorized to do so by a cable operator or as may

12    otherwise be specifically authorized by law.

13    (2) For the purpose of this section, the term "assist in intercepting or
     receiving" shall include the manufacture or distribution of equipment

14    intended by the manufacturer or distributor (as the case may be) for
     unauthorized reception of any communications service offered over

15    a cable system in violation of subparagraph (1).

16    (b) Penalties for willful violation

17    (1) Any person who willfully violates subsection (a)(1) of this section
     shall be fined not more than $1,000 or imprisoned for not more than

18    6 months, or both.

19    (2) Any person who violates subsection (a)(1) of this section willfully
     and for purposes of commercial advantage or private financial gain

20    shall be fined not more than $50,000 or imprisoned for not more than
     2 years, or both, for the first such offense and shall be fined not more

21    than $100,000 or imprisoned for not more than 5 years, or both, for any
     subsequent offense.

22

23    (3) For purposes of all penalties and remedies established for violations
     of subsection (a)(1) of this section, the prohibited activity established
     herein as it applies to each such device shall be deemed a separate violation.

24

25    (c) Civil action in district court;  injunctions;  damages;  attorney's fees
     and costs;  regulation by States or franchising authorities

26    (1) Any person aggrieved by any violation of subsection (a)(1) of this
     section may bring a civil action in a United States district court or in any

27    other court of competent jurisdiction.

28
                                3

1          (2) The court may--

2          (A) grant temporary and final injunctions on such terms as it may deem
           reasonable to prevent or restrain violations of subsection (a)(1) of this
3          section;

4          (B) award damages as described in paragraph (3);  and

5          (C) direct the recovery of full costs, including awarding reasonable
           attorneys' fees to an aggrieved party who prevails.
6
           (3)(A) Damages awarded by any court under this section shall be computed
7          in accordance with either of the following clauses:

8          (I) the party aggrieved may recover the actual damages suffered by him
           as a result of the violation and any profits of the violator that are attributable
9          to the violation which are not taken into account in computing the actual
           damages;  in determining the violator's profits, the party aggrieved shall be
10         required to prove only the violator's gross revenue, and the violator shall be
           required to prove his deductible expenses and the elements of profit
11         attributable to factors other than the violation;  or
           (ii) the party aggrieved may recover an award of statutory damages for
12         all violations involved in the action, in a sum of not less than $250 or more
           than $10,000 as the court considers just.
13
           (B) In any case in which the court finds that the violation was committed
14         willfully and for purposes of commercial advantage or private financial
           gain, the court in its discretion may increase the award of damages, whether
15         actual or statutory under subparagraph (A), by an amount of not more than
           $50,000.
16
           (C) In any case where the court finds that the violator was not aware and
17         had no reason to believe that his acts constituted a violation of this section,
           the court in its discretion may reduce the award of damages to a sum of not
18         less than $100.

19         (D) Nothing in this subchapter shall prevent any State or franchising
           authority from enacting or enforcing laws, consistent with this section,
20         regarding the unauthorized interception or reception of any cable service or
           other communications service.
21

22         47 U.S.C. section 605 provides in pertinent part as follows:

23         (a) Practices prohibited
           Except as authorized by chapter 119, Title 18, no person receiving,
24         assisting in receiving, transmitting, or assisting in transmitting, any
           interstate or foreign communication by wire or radio shall divulge or
25         publish the existence, contents, substance, purport, effect, or meaning
           thereof, except through authorized channels of transmission or reception,
26         (1) to any person other than the addressee, his agent, or attorney, (2) to
           a person employed or authorized to forward such communication to its
27         destination, (3) to proper accounting or distributing officers of the various

28                                              4

communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority.  No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.  No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. This section shall not apply to the receiving, divulging, publishing, or utilizing the contents of any radio communication which is transmitted by any station for the use of the general public, which relates to ships, aircraft, vehicles, or persons in distress, or which is transmitted by an amateur radio station operator or by a citizens band radio operator.

. . .

(e) Penalties;  civil actions;  remedies;  attorney's fees and costs; computation of damages;  regulation by State and local authorities

(1) Any person who willfully violates subsection (a) of this section shall be fined not more than $2,000 or imprisoned for not more than 6 months, or both.

(2) Any person who violates subsection (a) of this section willfully and for purposes of direct or indirect commercial advantage or private financial gain shall be fined not more than $50,000 or imprisoned for not more than 2 years, or both, for the first such conviction and shall be fined not more than $100,000 or imprisoned for not more than 5 years, or both, for any subsequent conviction.

(3)(A) Any person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction.

(B) The court--

(I) may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section;

(ii) may award damages as described in subparagraph (C);  and

(iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

5

(C)(I) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;

(I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages;  in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation;  or

(II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

(ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

(iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

(4) Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section, shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both.  For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

(5) The penalties under this subsection shall be in addition to those prescribed under any other provision of this subchapter.

Plaintiff argues that the persistent signal piracy of their programing costs their company, their customers and the community millions of dollars annually.  Plaintiff believes this results in part from the perceived lack of consequences (including nominal or minimal damage awards by Courts who hear their cases) for such unlawful interception and exhibition by the commercial signal pirates.

6

1   Accordingly, Plaintiff asks the Court to grant the maximum allowance for statutory damages due to

2   the fact that such actions are *per se* intentional.

3        By her default, Defendant has admitted to willfully violating the referenced statutes

4   for purposes of commercial advantage.  The Court also recognizes that deterrence of future

5   violations are important objectives of the statutes.  Having read and considered the

6   declarations, pleadings and exhibits to the present motion, the undersigned RECOMMENDS

7   that judgment be entered in this action against the defendants, and RECOMMENDS that

8   damages in the total amount of $30,000.00 be fixed as follows:

9        1)    For violation of 47 U.S.C. section 605, the sum of $10,000;

10        2)    For violation of 47 U.S.C. section 553, the sum of $10,000; and

11        3)    For violation of 47 U.S.C. sections 553(c)(3)(B) and 605(e)(3)(C)(ii), the sum

12              of $10,000.

13        In recommending the amount of damages outlined above, the Court notes that

14   although Plaintiff provides evidence that payment of a ten dollar ($10.00) cover charge was a

15   prerequisite for entry to the establishment, Plaintiff has not provided the Court with specific

16   information regarding Defendant's profit from the wrongdoing.  Therefore, the Court

17   recommends a smaller amount of damages than plaintiff seeks.  The total recommended sum

18   is $30,000.00.

19        This report and recommendation is submitted to the Honorable Anthony W. Ishii,

20   United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B)

21   and Rule 305 of the Local Rules of Practice for the United States District Court, Eastern

22   District of California.  Within thirty days (plus three days if served by mail) after being

23   served with a copy, any party may serve on opposing counsel and file with the court written

24   objections to such proposed findings and recommendations.  Such a document should be

25   captioned "Objections to Magistrate Judge's Report and Recommendations."  Replies to the

26   objections shall be served and filed within ten (10) days (plus three days if served by mail)

27   after service of the objections.  The Court will then review the Magistrate Judge's ruling

28                                              7

pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

Dated:   **July 1, 2008**            _____/s/ **Dennis L. Beck**_____
                                     UNITED STATES MAGISTRATE JUDGE

8